UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TONY BRYANT,

                                                Plaintiff,

        -against-                                      9:15-CV-0258 (LEK/ATB)

T. BOUVIA, *et al.*,

                                                Defendants.

## DECISION AND ORDER

### I.    INTRODUCTION

This matter comes before the Court following an Order and Report-Recommendation filed on October 3, 2016, by the Honorable Andrew T. Baxter, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 41 ("Report-Recommendation"). Pro se Plaintiff Tony Bryant and Defendants timely filed Objections. Dkt. Nos. 42 ("Defendants' Objections"), 43 ("Plaintiff's Objections").

### II.    LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011)

("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

### III. DISCUSSION

#### A. Defendants' Objections

Defendants object to the Report-Recommendation on two grounds. First, relying on Jeffreys v. City of New York, 426 F.3d 549 (2d Cir. 2005), Defendants argue that Bryant's allegations about the alleged assault during the Special Housing Unit ("SHU") escort "are so replete with inconsistencies that no reasonable juror could suspend his/her disbelief and credit the plaintiff's testimony while ignoring defendants' evidence." Defs.' Objs. at 2. Second, Defendants claim that Bryant's deposition testimony conclusively establishes the de minimis nature of both the injuries he suffered and the force used by the SHU escort during the alleged assault. Id. at 3.

Turning to Defendants' first objection, Jeffreys held that in the "rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete," a district court may weigh the credibility of the plaintiff's version of events in determining whether to grant summary judgment. 426 F.3d at 554. If the plaintiff's account is so contradictory and incomplete that no reasonable juror would credit it, and if the "moving

2

party . . . meet[s] the difficult burden of demonstrating that there is no evidence in the record upon which a reasonable factfinder could base a verdict in the plaintiff's favor," then the court may enter summary judgment in favor of the defendant. Id. at 554–55. As the Second Circuit later noted, "[t]he facts in Jeffreys . . . were extreme." Matheson v. Kitchen, 515 F. App'x 21, 23 (2d Cir. 2013). "The Jeffreys plaintiff offered, for the first time in litigation, a version of events that directly contradicted the account he had previously and consistently provided, and that was inconsistent with all other evidence in the record." Id. Further, as Judge Posner put it,

> credibility issues are to be left to the trier of fact to resolve on the basis of oral testimony *except* in extreme cases. The exceptional category is—exceptional. For the case to be classified as extreme, the testimony sought to be withheld from the trier of fact must be not just implausible, but utterly implausible in light of all relevant circumstances.

In re Chavin, 150 F.3d 726, 728 (7th Cir. 1998).

In his Report-Recommendation, Judge Baxter discusses several aspects of Bryant's testimony that distinguish it from the plaintiff's testimony in Jeffreys. Rep.-Rec. at 18, 20. The Court agrees with these distinctions and notes one other reason to view Jeffreys as inapposite to the facts of this case.

One of the factual issues in dispute in Jeffreys was whether the plaintiff, in an attempt to evade capture by the police, had jumped out of the third-floor window of a school building he was burgling, or whether the police had pushed him out of the window. 426 F.3d at 551–52. The court emphasized that "[t]he record confirms, and [the plaintiff] does not dispute, that on at least three occasions he confessed to having jumped out of the third-story window of the school building." Id. at 552. Indeed, the plaintiff "first publicly stated that he had been thrown out of a

3

window by police officers in a conversation with Dr. Charles Bendheim of the Greenhaven Correctional Facility nine months after the incident allegedly occurred." Id.

Here, Bryant filed a grievance on December 12, 2012, describing the assault that allegedly took place during his escort to the SHU on November 28, 2012. Rep.-Rec. at 18–19. So unlike the plaintiff in Jeffreys, Bryant did not wait several months before complaining about the alleged assault, and he did not change his story between the incident and the filing of the grievance. True, the record contains an "Offender Injury Report dated December 19, 2012, that includes a staff notation that plaintiff 'had been trying to get medical and didn't so made statement of staff abuse, but has since recanted it.'" Id. at 21. But Bryant has continually stated that "he was not interviewed during the grievance process, and that he never recanted his allegations." Id. He has also affirmed that he has no recollection of signing the report, and that the signature on the form did not match his handwriting. Id. at 22. The forgery allegation is not wholly implausible. Comparison of Bryant's signature on other documents with the illegible signature on the report reveals a significant difference between the signature on the report and the other instances of his signature. Compare Dkt. No. 29-6 ("Exhibit B") at 4–5, with id. at 11. At Bryant's deposition, Defendants' attorney appears to have suggested that Bryant's shoulder issues caused the anomalous signature on the report, Dkt. No. 29-2 ("Exhibit A") at 96:16–20, but a rational jury would not be required to believe this theory. The forgery allegation further shows that Bryant, unlike the plaintiff in Jeffreys, disputes that he ever gave a contradictory account of the events in question. For this and the other reasons given in the Report-Recommendation, Judge Baxter was correct to hold that the credibility issues with Bryant's

testimony did not warrant granting summary judgment in favor of defendant Baxter with respect to the alleged assault during the SHU escort.[1]

Moving on to Defendants' second objection, they assert that "the protection of the Eighth Amendment does not extend to a *de minimis* injury." That is simply incorrect. Courts are not required to reject excessive force claims that arise from apparently de minimis injuries. The Supreme Court has explicitly rejected this bright-line approach to excessive force claims, holding instead that courts must ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). In Wilkins, the Supreme Court refused to give "decisive weight to the purportedly *de minimis* nature of [the plaintiff's] injuries." Id. at 38. Courts must therefore not assume that "the absence of 'some arbitrary quantity of injury' requires automatic dismissal of an excessive force claim." Id. at 39 (quoting Hudson, 503 U.S. at 9).

As Defendants point out, Bryant offered strikingly different accounts of the incident in his deposition testimony, his Complaint, and his grievance. Defs.' Objs. at 3. In his deposition testimony, Bryant alleged that, when the SHU escort learned he had told the nurse about the previous beatings, they hit him two or three times on the shoulder. Ex. A at 57:20–58:2, 58:23–59:3. They did not hit him hard, id. at 59:4–5, and he even described the incident as "the little hitting thing down the steps," id. at 57:15. In his grievance, on the other hand, Bryant

---

[1] Defendants suggest that Bryant's Complaint contains "no allegation whatsoever that he had been assaulted during the escort to SHU." Defs.' Objs. at 2. That is false. Bryant's Complaint states that he "was assaulted . . . for another hour" when he was moved from the holding area to the SHU. Dkt. No. 1 ("Complaint") at 5. And Judge Baxter himself notes that the Complaint alleges as much. Rep.-Rec. at 19.

"alleged that the SHU escort repeatedly hit him in the head, stomach, and groin area," Rep.-Rec. at 19, and his Complaint asserts that the assault lasted an hour, Compl. at 5.

According to Defendants, Bryant's "account of the incident in his deposition testimony affirmatively establishes that the force used, if any, was indisputably *de minimis*." Defs.' Objs. at 3. Even assuming that Defendants are right that the force described in the deposition testimony is de minimis, it does not follow that they are entitled to summary judgment on this issue. The Court's duty in reviewing a motion for summary judgment is "carefully limited" to finding genuine disputes of fact, "not to deciding them." Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994). Defendants point to no authority showing that the Court is required to assume that the version of events offered in Bryant's deposition testimony is the one true account. True, "a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." Hayes v. N.Y.C. Dep't of Corr., 84 F.3d 614, 619 (2d Cir. 1996). But that rule does not apply here. Bryant did submit an opposition to Defendants' Motion for Summary Judgment that set forth the more brutal version of events contained in his Complaint and grievance. Dkt. No. 33-4 ("Bryant Declaration") ¶ 5; see also Dkt. No. 29 ("Motion for Summary Judgment"). If that affidavit were the only piece of evidence contradicting the deposition testimony, it would not be enough to defeat Defendants' Motion. But as just noted, Bryant offered the account that differs from his deposition testimony in both his Complaint and grievance, which were obviously submitted before Defendants moved for summary judgment. The concern underlying Hayes is that "[i]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own

prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572, 578 (2d Cir. 1969). That concern has no bearing on materials completed before summary judgment is even on the horizon. Thus, Defendants' objection on this score is not well taken, and the Court agrees with Judge Baxter's recommendation that summary judgment be denied on this issue.

### B. Bryant's Objections

Bryant's objections are not specifically directed at Judge Baxter's findings and recommendations. See Pl.'s Objs. Because Bryant fails to make any specific objections to the recommendations of the Report-Recommendation, the Court has reviewed those recommendations for clear error and has found none. Moreover, to the extent that Bryant challenges Judge Baxter's denial of his request for appointment of counsel, id. ¶ 12, the Court finds no error in that determination.

### IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Order and Report-Recommendation (Dkt. No. 41) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion for Summary Judgment (Dkt. No. 29) is **GRANTED in part** as to all claims against defendants T. Bouvia and M. Blair, and as to the Eighth Amendment claims against defendant Baxter relating to the allegations of excessive force in the facility hospital, and **DENIED in part** as to the Eighth Amendment claim of excessive force arising from the SHU escort; and it is further

**ORDERED**, Bryant's Motion for Summary Judgment (Dkt. No. 33) is **DENIED**; and it is further

**ORDERED**, that the denial without prejudice to renew of Bryant's request for appointment of counsel (Dkt. No. 37) is **AFFIRMED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: January 27, 2017
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge